UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE COPELAND,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. EDCV 08-1334-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the three disputed issues listed in the Joint Stipulation ("JS").[2]

///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the consultative examining psychiatrist's opinions;
2. Whether the ALJ properly considered the consultative examining orthopedic physician's opinions; and
3. Whether the ALJ posed a complete hypothetical question to the vocational expert ("VE").

(JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

## III.

## DISCUSSION

**A.  The ALJ Properly Considered the Opinions of the Consultative Examining Psychiatrist.**

On February 24, 2006, Kent Jordan, M.D., conducted a psychiatric evaluation of Plaintiff. (Administrative Record ("AR") at 271.) Dr. Jordan determined that Plaintiff was highly manipulative. (Id.) He also determined that Plaintiff could probably perform simple repetitive tasks, although he might have problems sustaining this due to apparent cognitive defects. (Id.) Dr. Jordan stated that Plaintiff might need special supervision to do even simple repetitive tasks due to cognitive impairments, might have problems completing a normal workweek, and might have problems accepting instructions from supervisors due to his irritability and anger at authority. (Id.)

In his decision, the ALJ accorded Dr. Jordan's opinions "significant probative weight," and stated the following:

> Upon referral by the California State agency, Kent Jordan, M.D., a psychiatrist, evaluated the claimant on February 24, 2006, and diagnosed heroin dependence and abuse, uncertain time of last use, in possible remission; alcohol dependence and abuse of uncertain last use, possibly ongoing; polysubstance-induced cognitive disorder; polysubstance-induced mood disorder with labile and irritable mood; and, antisocial personality disorder. Dr. Jordan noted the claimant's reported history regarding substance abuse was possibly minimized, and there was some doubt to the claimant's statements that he had not used any addicting substances for the past six years. The evaluator indicated the claimant exhibited injected conjunctiva, prominent slurring and poorly modulated speech, an irritable and labile affect, and cognitive impairments consistent with acute and chronic

> substance abuse. Based on his evaluation, Dr. Jordan opined the claimant was highly manipulative and not motivated to work, maintain regular attendance, or perform work consistently. He reported the claimant could probably perform simple, repetitive tasks and could complete a normal workday if he got to work. Dr. Jordan indicated the claimant's global assessment of functioning was 60, suggestive of moderate symptoms or moderate difficulty in social and occupational functioning (exhibit 38).
>
> . . . .
>
> The claimant has moderate difficulties in maintaining social functioning. Dr. Jordan indicated the claimant could probably interact with co-workers and the public adequately in emotionally neutral settings, but might have problems accepting instructions from supervisors due to his irritability and anger (exhibit 38).

(Id. at 197-98.)

With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ made the following determination:

> Based on the entire record, the undersigned finds the claimant has the residual functional capacity to push, pull, lift, and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk six hours in an eight hour workday, and sit without restriction. He can frequently bend, kneel, stoop, crawl, and crouch, and occasionally climb ladders. In addition, the claimant is limited to unskilled work involving no close proximity to other employees or the general public.

(Id. at 200.)

Plaintiff contends the ALJ failed to provide specific and legitimate reasons for failing to include Dr. Jordan's opinions regarding the problems

Plaintiff might have sustaining simple, repetitive tasks due to cognitive impairments, completing a normal work week, and accepting instructions from supervisors; and Dr. Jordan's opinion that Plaintiff might need special supervision to complete tasks. (JS at 5.) He also contends the ALJ failed to indicate whether he accepted or rejected those findings. (Id.)

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). As with a treating physician, the controverted findings of an examining physician may only be rejected by the ALJ for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

This Court finds no error. The ALJ clearly stated that he gave substantial weight to Dr. Jordan's opinions. As a result, there was no need for providing

specific and legitimate reasons for rejecting it. (AR at 198.) Moreover, the ALJ's decision does not contradict Dr. Jordan's opinion. Dr. Jordan opined that overall Plaintiff's "probable work functioning as assessed by his current functioning and probable function from his history depends on his substance abuse and motivation." (Id. at 271.) Dr. Jordan did not state that Plaintiff could not perform work-related tasks or function in a work environment. He stated only that Plaintiff was not motivated to work, maintain regular attendance, or perform work consistently. As noted by the ALJ, this report generally indicated that it was Plaintiff's lack of motivation that would prevent him from maintaining regular attendance or performing work consistently, not any mental impairment. (Id. at 198.) The ALJ took Dr. Jordan's opinion into account in limiting Plaintiff to unskilled work involving no close proximity to other employees or the public.

Based on the foregoing, the Court finds no error in the ALJ's consideration of Dr. Jordan's opinion.

**B.    The ALJ Properly Considered the Opinions of the Consultative Examining Orthopedist.**

On February 18, 2006, Zaven Bilezikjian, M.D., conducted an orthopedic evaluation of Plaintiff, at which time Dr. Bilezikjian determined that Plaintiff could occasionally walk on uneven terrain and climb ladders. (Id. at 265.)

In the decision, the ALJ offered the following discussion concerning Dr. Bilezikjian's findings:

> Diagnostic impressions by Dr. Bilezikjian were lumbosacral strain/sprain with no evidence of radiculopathy; neck pain and right shoulder pain, subjective with no objective findings; and, bilateral knee subjective pain with completely normal knee examination. Dr. Bilezikjian opined the claimant can push, pull, lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk six

>hours in an eight hour workday, and sit without restriction. He indicated the claimant can frequently bend, kneel, stoop, crawl, and crouch, and occasionally climb ladders (exhibit 37).

(Id. at 196.)

Plaintiff contends the ALJ failed to consider Dr. Bilezikjian's opinion that Plaintiff could occasionally walk on uneven terrain, did not include that limitation in his RFC determination, and failed to indicate whether he accepted or rejected that particular finding. (JS at 9.) However, the ALJ is not required to discuss every piece of evidence or adopt every assessment made by a physician. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted).

Here, the ALJ accounted for all significant probative evidence of Plaintiff's impairment and limitations. Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998). Plaintiff points to no evidence that walking on uneven terrain would be a condition of the work the ALJ determined Plaintiff was capable of performing, including after-hours office janitor, housekeeper, and retail night stocker. (AR at 199.) The ALJ stated that he carefully considered all of the evidence in accordance with administration regulations. (Id. at 194.) The ALJ also thoroughly discussed Dr. Bilezikjian's orthopedic examination findings and adopted his finding of lumbosacral strain/sprain. (Id. at 196.) He also discussed and adopted Dr. Bilezikjian's findings that Plaintiff could frequently bend, kneel, stoop, crawl, and crouch, and occasionally climb ladders. (Id.) Simply because the ALJ did not discuss the additional finding that Plaintiff should only occasionally walk on uneven terrain does not mean that the ALJ failed to consider or rejected that evidence. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

Moreover, the error, if any, was harmless. Dr. Bilezikjian opined that

Plaintiff could occasionally walk on uneven terrain and climb ladders. (AR at 265.) The ALJ's RFC limited Plaintiff to only occasionally climbing ladders.[3] As a result, the climbing limitation suggested by Dr. Bilezikjian is not at issue. (See JS at 12-13 (arguing that the DOT definitions for the suggested jobs require occasional climbing and that the ALJ's RFC assessment did not take this into account).) The occasional ability to walk on uneven terrain would have little or no effect on Plaintiff's ability to perform the jobs identified by the VE, as there is no indication that they require the ability to walk on uneven surfaces (See AR at 199, 293-294); see also Dictionary of Occupational Titles ("DOT"), No. 381.687-018 (janitor and cleaner) and No. 922.687-058 (evening retail stocker).

Accordingly, even assuming the Court were to find that the ALJ should have discussed the fact that Plaintiff was capable of occasionally walking on uneven ground, which it does not, the omission was harmless. Stout v. Comm'r of Soc. Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

**C.    The ALJ Posed a Complete Hypothetical to the VE.**

Plaintiff claims that the ALJ failed to incorporate into the hypothetical question he posed to the VE, Plaintiff's limitations suggested by Dr. Jordan and Dr. Bilezikjian as discussed above. (JS at 14.) The Court disagrees.

"In order for the testimony of a VE to be considered reliable, the

---

[3] To the extent that Plaintiff appears to be arguing that because a job may involve occasional climbing and balancing it necessarily entails walking on uneven terrain (see JS at 13), this Court does not agree.

hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Thus, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d at 1043 (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

As previously discussed, the ALJ properly determined Plaintiff's RFC. The hypothetical to the VE included those restrictions the ALJ properly found to exist. (AR at 291-93.) Additionally, the VE independently noted that the suggested jobs, while requiring some instruction from a supervisor as to the tasks to be performed, typically are jobs where one works alone. (Id. at 293.) Thus, he impliedly took into account Plaintiff's potential difficulties with interactions with supervisors.

The Court finds there was no error in the ALJ's hypothetical questions to the VE which did not include the possible limitations suggested by Dr. Jordan's opinion or by Dr. Bilezikjian. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.").

**IV.**

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>ORDER</u>**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: September 30, 2009

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge